NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JEFFREY K. GILBERT, | : | Hon. Robert B. Kugler |
| Petitioner, | : | Civil Action No. 07-3176 (RBK) |
| v. | : | **O P I N I O N** |
| JONATHAN C. MINER, et al., | : |  |
| Respondents. | : |  |

**APPEARANCES:**

> JEFFREY K. GILBERT, #40197-050
> Allenwood Low Federal Correctional Institution
> P.O. Box 1000
> White Deer, Pennsylvania  17887-1000
> Petitioner Pro Se

**KUGLER, District Judge:**

Jeffrey K. Gilbert, who is presently serving a 132-month federal sentence, see United States v. Gilbert, Crim. No. 01-0789 (JEI) judgment (D.N.J. April 13, 2006), filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a fully expired state conviction entered January 15, 1991, in the Burlington Township Municipal Court, which was used to enhance his federal sentence.  Having thoroughly reviewed Petitioner's submissions, this Court summarily dismisses the Petition for lack of subject matter jurisdiction, see 28 U.S.C. § 2254 Rule 4, and declines to issue a certificate of appealability, see 28 U.S.C. §§ 2253(c).

## I.  BACKGROUND

Petitioner challenges a conviction and sentence entered in the Municipal Court for the Township of Burlington, New Jersey, on January 15, 1991, based on a plea of guilty.  Petitioner asserts that he voluntarily pled guilty in open court to driving while intoxicated, in violation of N.J. Stat. Ann. § 39:4-50, with the understanding that the remaining charges, including the charge of eluding police in a motor vehicle contrary to N.J. Stat. Ann. § 2C:29-2b, were being dismissed.  Unbeknownst to Petitioner, the municipal court records reflect that Petitioner pled guilty to eluding police, in addition to driving while intoxicated.  According to the Petition, the municipal court judge imposed a sentence of "days of imprisonment and one year probation."  (Pet. ¶ 3.)  Petitioner did not file a direct appeal.

On April 7, 2000, a federal criminal complaint was brought against Petitioner in this Court.  See United States v. Gilbert, Crim. No. 01-0789 (JEI) (D.N.J. filed Dec. 11, 2001).  On April 20, 2005, a jury found Petitioner guilty of bank fraud, trafficking in unauthorized access devices, and possession of at least 15 unauthorized access devices.  On April 13, 2006, United States District Judge Joseph E. Irenas imposed an aggregate sentence of 132 months imprisonment, five years of supervised release, restitution and a special assessment.  On April 20, 2006, Petitioner filed a notice of appeal, which is currently pending before the United States Court of Appeals for the Third Circuit.

In the meantime, on May 24, 2004, Petitioner filed a petition for post-conviction relief in the Burlington Township Municipal Court challenging his January 15, 1991, conviction.  (Pet. ¶ 11.)  The municipal court denied relief on July 13, 2004, on the ground that the petition was untimely.  See State v. Gilbert, 2005 WL 3711134 *1 (N.J. Super., App. Div., Jan. 30, 2006).

Petitioner appealed to the Superior Court of New Jersey, Law Division, Burlington County, "which, after argument, held that [Petitioner] had failed to establish excusable neglect for not seeking relief as to the eluding conviction within the five-year limit prescribed by the rule." Id. Petitioner then appealed to the Superior Court of New Jersey, Appellate Division. On January 30, 2006, the Appellate Division affirmed, finding that the petition was properly dismissed as time barred:

> Petitions for post-conviction relief from municipal court dispositions are governed by R. 7:10-2. A petition seeking relief on any grounds other than an illegal sentence "shall not be accepted for filing more than five years after entry of the judgment of conviction . . . sought to be attacked, unless it alleges facts showing that the delay in filing was due to defendant's excusable neglect." R. 7:10-2(b)(2).
>
> We concur with the trial court's determination that defendant failed to set forth any facts that would support a finding of "excusable neglect" for his not having earlier challenged the conviction for eluding. By the time defendant filed his petition, the municipal court no longer had any record of the proceedings that had occurred when defendant entered his plea of guilty to driving while intoxicated . . . . The Burlington Township Municipal Court, reasonably, had not retained such records for more than four times longer than was required when they were created . . .
>
> Defendant also contends that the trial court erred in not permitting him to withdraw his plea of guilty, thirteen years after it was entered on the municipal court docket. R. 7:6-2(b) permits a motion to withdraw a plea of guilty to be made prior to sentencing, but thereafter only to "correct a manifest injustice." Defendant has failed to demonstrate such an injustice here.

State v. Gilbert, 2005 WL 3711134 *2 (N.J. Super., App. Div., Jan. 30, 2006).

On April 13, 2006, the New Jersey Supreme Court denied certification. See State v. Gilbert, 186 N.J. 604 (2006) (table).

Petitioner executed the § 2254 Petition presently before this Court on July 5, 2007. The Clerk received it on July 9, 2007. The Petition raises four grounds for relief:

> Ground One:  PROCEDURAL TIME BAR WAS ERRONEOUSLY APPLIED BY STATE COURTS AGAINST PETITIONER'S STATE P.C.R. PETITION, DENYING PETITIONER HIS CONSTITUTIONAL RIGHTS.
>
> Supporting Facts:  PETITIONER DID NOT LEARN OF THE EXISTENCE OF THE ELUDING CONVICTION UNTIL 2003; THIS PREVENTED PETITIONER FROM RAISING A POST-CONVICTION CHALLENGE UNTIL THAT TIME.  THE LAW DIVISION OF THE SUPERIOR COURT ACCEPTED THIS GROUND AND FOUND EXCUSABLE NEGLECT IN ANOTHER CONTEMPORANEOUSLY-FILED P.C.R. PETITION INVOLVING THE SAME MUNICIPAL COURT; EXCUSABLE NEGLECT SHOULD HAVE BEEN FOUND TO OVERCOME THE PROCEDURAL TIME BAR.
>
> Ground Two:  PETITIONER DID NOT RECEIVE THE BENEFIT OF HIS GUILTY PLEA OF JANUARY 15, 1991 AND IS ENTITLED TO SPECIFIC PERFORMANCE OF THE BARGAIN.
>
> Supporting facts:  PETITIONER PLED GUILTY TO A FIRST OFFENSE OF DRUNK DRIVING ON JANUARY 15, 1991 IN EXCHANGE FOR DISMISSAL OF ALL OTHER TICKETS AND THE ELUDING CHARGE; IN 2003, PETITIONER DISCOVERED THAT HE HAD BEEN CONVICTED ON THE ELUDING CHARGE IN THE MUNICIPAL COURT'S RECORDS.  PETITIONER MAINTAINS THAT HIS GUILTY PLEA DID NOT ENCOMPASS THIS OFFENSE AND THAT HE IS ENTITLED TO SPECIFIC PERFORMANCE OF THE TERMS OF THE GUILTY PLEA (i.e., DISMISSAL OF THE ELUDING CHARGE) OR TO WITHDRAW THE PLEA AND PROCEED TO TRIAL.
>
> Ground Three:  PETITIONER WAS DENIED FUNDAMENTAL FAIRNESS AND EXPERIENCED MANIFEST INJUSTICE IN SUSTAINING A CONVICTION HE DID NOT PLEAD GUILTY TO.

>Supporting facts: THE DOCKET OF THE MUNICIPAL COURT IS THE ONLY EXTANT RECORD WHICH REFLECTS PETITIONER'S CONVICTION ON THE ELUDING CHARGE; OTHER PUBLIC RECORDS CONTRADICT THIS FACT.
>
>Ground Four: PETITIONER SHOULD HAVE BEEN PERMITTED TO WITHDRAW HIS GUILTY PLEA OF JANUARY 15, 1991.
>
>Supporting facts: BECAUSE PETITIONER DID NOT RECEIVE THE SPECIFIC PERFORMANCE OF HIS JANUARY 15, 1991 GUILTY PLEA TO DRUNK DRIVING TO WHICH HE WAS ENTITLED, PETITIONER SHOULD HAVE BEEN PERMITTED TO WITHDRAW HIS GUILTY PLEA.

(Pet. ¶ 12, Grounds One to Four.)

## II.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994).  As the Supreme Court recently explained,

>Habeas Rule 2(c) . . . provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground. See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts.  [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .  A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243.  Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

Mayle v. Felix, 545 U.S. 644, 656 (2005).

5

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856. Dismissal pursuant to Habeas Rule 4 without the filing of an answer or the state court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").[1]

### III.  DISCUSSION

A.  Jurisdiction

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements:  the status requirement that the petition be "in behalf of a person in custody pursuant to the judgment of a State court," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

The United States Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-91; see also Spencer v. Kemna, 523 U.S. 1

---

[1] "[V]ague and conclusory allegations contained in a [habeas] petition may be disposed of without further investigation by the District Court," United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000), and a failure to allege "sufficient facts" can lead to summary dismissal of a claim, id. at 437-38; accord Anderson v. Pa. Attorney General, 82 Fed. Appx. 745, 749 (3d Cir. 2003); United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

(1998). The "in custody" language does not require that a prisoner be physically confined in order to challenge his sentence in habeas corpus. See e.g., Jones v. Cunningham, 371 U.S. 236 (1963) (prisoner who is on parole is "in custody"). The Supreme Court "ha[s] never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." Maleng, 490 U.S. at 491; see also Drakes v. INS, 330 F.3d 600 (3d Cir. 2003); United States v. Thomas, 42 F.3d at 824. Thus, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492.

      This case is governed by the Supreme Court's holding in Maleng v. Cook, 490 U.S. at 492, rather than Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001) and Daniels v. United States, 532 U.S. 374 (2001). In Maleng, the petitioner filed a § 2254 habeas petition in the United States District Court for the Western District of Washington challenging a 1958 Washington State conviction and 20-year sentence for robbery, which expired by its terms in 1978, but was used to enhance a 1978 Washington State sentence. At the time the petitioner filed his § 2254 petition in 1985, the 20-year sentence imposed on the challenged 1958 conviction had been fully served. The petitioner alleged that the 1958 state conviction was invalid because he had not been given a competency hearing and that it had been used illegally to enhance his 1978 state sentences. The Supreme Court held that the petitioner was not "in custody" on the fully expired 1958 sentence at the time he filed the § 2254 petition challenging it, even though it was used to enhance a 1978 state sentence:

> The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not . . . . Since almost all States have habitual offender statutes, and many States provide as Washington does for specific enhancement of subsequent sentences on the basis of prior convictions, a contrary ruling would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas. This would read the "in custody" requirement out of the statute . . .
>
> In this case, of course, the possibility of a sentence upon a subsequent conviction being enhanced because of the prior conviction actually materialized, but we do not think that requires any different conclusion. When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore "in custody."

Maleng, 490 U.S. at 492-93.

Here, Petitioner, a prisoner who is currently in federal custody, expressly challenges a state conviction which expired 15 years before Petitioner signed his § 2254 Petition on July 5, 2007. Like the petitioner in Maleng, Petitioner directly challenges a fully expired conviction under § 2254, which was used to enhance a subsequent sentence. Under the holding of Maleng, this Court lacks jurisdiction over the Petition under § 2254 because Petitioner was not "in custody" pursuant to the state conviction he challenges at the time he filed this Petition.

Petitioner nevertheless argues that he is "in custody" within the meaning of 28 U.S.C. § 2254 under the holding of Lackawanna County District Attorney v. Coss, 532 U.S. 394. In Daniels v. United States, 532 U.S. 374 (2001), and Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001), the Supreme Court addressed whether a prisoner may challenge a current sentence under § 2254 (Coss) or § 2255 (Daniels) on the ground that a prior state conviction used

to enhance the current sentence was unconstitutionally obtained.  This Court will briefly outline Coss and Daniels, and will then consider Petitioner's contention that his is "in custody" under the holding of Coss.

In 1994, Coss filed a § 2254 petition in the United States District Court for the Middle District of Pennsylvania attacking a 1990 Pennsylvania sentence he was currently serving, "where [the] current sentence was enhanced on the basis of an allegedly unconstitutional prior conviction for which the sentence ha[d] fully expired." Coss, 532 U.S. at 401.  Citing Maleng, the Supreme Court noted that "Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions." Id.  Nevertheless, the Court determined that, because the § 2254 petition was attacking the current state sentence, as enhanced by the allegedly unconstitutional expired state conviction, Coss satisfied § 2254's "in custody" requirement. Id. at 401- 02.  The Supreme Court severely limited such a challenge, however, holding that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence . . . on the ground that the prior conviction was unconstitutionally obtained." Coss, 532 U.S. at 403 (citation omitted).  The Supreme Court recognized one exception to this rule:  "When an otherwise qualified . . . petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in

violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate." Coss, 532 U.S. at 404.[2]

Similarly, in Daniels v. United States, 532 U.S. 374, Daniels filed a motion to vacate, set aside, or correct, pursuant to 28 U.S.C. § 2255, his current federal sentence on the ground that it was imposed in violation of the Constitution because it was based in part on fully expired state convictions which were themselves unconstitutional because they were both based on guilty pleas that were not knowing and voluntary, and because one conviction was also the product of ineffective assistance of counsel. Id. at 377. Because Daniels was serving the federal sentence he was challenging at the time he filed his § 2255 motion, there was no question that he was "in custody" on the conviction being attacked, and the Supreme Court did not discuss this issue. As in Coss, the Supreme Court held that a prisoner may not challenge a current federal sentence under § 2255 on the ground that it was enhanced by a fully expired unconstitutional state conviction, except where the expired conviction was obtained in violation of the right to counsel.

This case is governed by Maleng, and not Coss, because Petitioner is directly challenging his 1991 state conviction under § 2254, instead of attacking his current federal sentence in a motion brought under § 2255. Under Maleng, this Court lacks jurisdiction to entertain Petitioner's challenge to the fully expired 1991 conviction. As the Supreme Court explained in Daniels, 532 U.S. at 381,

> Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction. He may raise constitutional claims on direct appeal, in

---

[2] Three justices in the 5/4 Coss majority would also permit a challenge to the underlying expired conviction in situations where "a habeas petition directed at the enhanced sentence may effectively be the first and only forum available for review of the prior conviction." Id. at 406.

>postconviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (1994 ed. and Supp. V). These vehicles for review, however, are not available indefinitely and without limitation.

Id.

Although Petitioner is "in custody" on his current federal conviction and this Court would have subject matter jurisdiction over Petitioner's § 2255 motion, Petitioner did not file a § 2255 motion challenging his current federal sentence on the ground that it was unconstitutionally enhanced by the 1991 municipal court conviction. Instead, Petitioner filed a Petition under 28 U.S.C. § 2254 directly attacking the fully expired 1991 judgment of conviction entered in the Burlington Township Municipal Court. Under the holding of Maleng, Petitioner is not "in custody" on this fully expired conviction, and this Court accordingly lacks jurisdiction over the Petition under § 2254.

This Court will not recharacterize this § 2254 Petition as Petitioner's first § 2255 motion to vacate his current federal sentence. In Castro v. United States, 540 U.S. 375 (2003), the Supreme Court determined that the United States District Court for the Southern District of Georgia had improperly recharacterized a federal prisoner's *pro se* motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure as a motion under § 2255 because, "by recharacterizing as a first § 2255 motion a *pro se* litigant's filing that did not previously bear that label, the court may make it significantly more difficult for that litigant to file another such motion." Castro, 540 U.S. at 382. Using its supervisory powers, the Supreme Court limited the lower courts' recharacterization powers when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion. "In such circumstances the district court must notify

11

the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.  If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions."  Id. at 383.  Given Castro, and the fact that Petitioner does not challenge the 1991 conviction on the ground that it was obtained in violation of the right to counsel [3], and the fact that Petitioner's federal conviction is currently on direct appeal, this Court declines to recharacterize this § 2254 Petition as Petitioner's first § 2255 motion to vacate Petitioner's current federal sentence.

To summarize, because Petitioner is not "in custody" on the 1991 conviction, this Court lacks jurisdiction to entertain this Petition challenging that conviction under 28 U.S.C. § 2254.  See Maleng v. Cook, 490 U.S. at 491-92.  Although Petitioner is "in custody" on his current federal conviction, this Court declines to recharacterize the § 2254 Petition as a motion under § 2255 to vacate the current federal sentence.  This Court will accordingly dismiss the Petition for lack of jurisdiction under 28 U.S.C. § 2254.

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court

---

[3] Thus, the motion would likely fail.  See Daniels v. United States, 532 U.S. at 382.

held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.  This Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition for lack of jurisdiction is correct.

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for lack of subject matter jurisdiction and denies a certificate of appealability.


    s/Robert B. Kugler
    **ROBERT B. KUGLER, U.S.D.J.**

Dated:     September 11   , 2007